IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3087 |
| vs. | |
| NATHAN LEE KEMPTER, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report (RPSR) in this case. The defendant objected (filing 63) to the RPSR and filed a motion (filing 71) for downward variance.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)      impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)      impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)      depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)      in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant objects to the two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B) for unduly influencing a minor to engage in prohibited sexual conduct. Filing 63. In determining whether this section applies, the Court should closely consider the facts of the case to determine whether a defendant's influence over the minor compromised the voluntariness of the minor's behavior. § 2G1.3 cmt. n.3B. The voluntariness of the minor's behavior may be compromised without prohibited sexual conduct occurring. *Id.* In a case in which a defendant is at least 10 years older than the minor, there shall be a rebuttable presumption that subsection (b)(2)(B) applies. *Id.* That rebuttable presumption applies to the defendant, who was more than 10 years older than the victim in this case.

The defendant argues, however, that because the minor victim in this case was a "very intelligent and articulate young lady," and "was

desperate to run away from her home," that he did not unduly influence her. Filing 69 at 2. Instead, the defendant argues she "made her own decisions." *Id*. at 3.

The government bears the burden of proving the applicability of an enhancement to the offense level. *United States v. Shelabarger*, 770 F.3d 714, 717-18 (8th Cir. 2014). And in cases where the sentencing judge also presided over the trial, an evidentiary hearing is not necessary to resolve factual objections; the court may base its findings of fact on the trial record. *United States v. Ortega*, 150 F.3d 937, 945 (8th Cir. 1998). Here, the Court presided over three days of trial and is quite familiar with the facts of the case and evidence presented.

To start, the Court notes that this enhancement applies when a defendant unduly influences a minor to engage in *prohibited sexual conduct*. So, the arguments from the defendant regarding the victim's desire and willingness to run away are completely unpersuasive.

The defendant also relies on *United States v. Myers*, 481 F.3d 1107 (8th Cir. 2007) to support his argument. There, the Eighth Circuit held that it was not an abuse of discretion for a court to find the presumption against a defendant 10 years older than a minor victim rebutted where the evidence showed the minor had contemplated running away with men other than the defendant, that the defendant didn't have to do anything to convince her to leave the state and that the minor anticipated that at some point she would have sex with the defendant, whom she intended to marry. *Id*. at 1112.

But those are not the facts in this case. This is not a misguided love story. *See id.* True, the minor victim expressed a desire to run away in certain of the interactions, but there is no evidence that she intended or wanted a sexual relationship with the defendant. Rather, the overwhelming evidence is that the defendant always initiated discussions about sexual conduct, and this was a classic case of grooming a minor child for the defendant's intended purposes.

So, while the Court will make a final determination at sentencing, it tentatively finds that the two-level enhancement under § 2G1.3(b)(2)(B) is absolutely appropriate.

The defendant also objects to the two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. Filing 63. The enhancement applies if:

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; . . . .

*Id.* Obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction. *Id.* at cmt. n. 1. But avoiding or fleeing from arrest typically does not justify the enhancement. *Id.*at cmt. n.5D.

Again, the government bears the burden of proving the applicability of this enhancement. *Shelabarger*, 770 F.3d at 717-18. But the Court may base its findings of fact on the trial record. *Ortega*, 150 F.3d at 945.

Here, the proposed basis for the enhancement is found at paragraph 28 in the RPSR and includes the defendant making the victim delete her social media accounts while driving from Lincoln, Nebraska to Colorado and providing the victim with a made-up story to use if anyone questioned them while traveling. The defendant also told the victim to delete her call history, which reflected a call between the two.

The defendant argues that his conduct did not interfere with an official investigation or prosecution because it likely occurred before anyone knew the victim was gone and therefore before the police were notified. *See* filing 69 at 5. And, the defendant relies on *United States v. Stolba*, where the Eighth Circuit held that the intentional destruction of documents related to a defendant's fraudulent activity *before* an official investigation was underway could not provide the basis for enhancement under § 3C1.1. 357 F.3d 850, 852 (8th Cir. 2004). The defendant also asks the Court to consider that when law enforcement did make contact in Colorado, he did not attempt to mislead the officers or provide any false information. Filing 69 at 5.

The Court does not find the defendant's arguments to be particularly persuasive, but the Court will allow both parties to make full argument and a final determination as to whether the obstruction of justice enhancement applies will be made at the time of sentencing. Quite frankly, whether or not the obstruction of justice enhancement applies

may affect the guidelines calculation, but it is not going to affect the Court's determination as to the final sentence under § 3553(a).

Finally, the defendant argues that the Court should vary downward due to his personal history and characteristics. Filing 71. In particular, the defendant suggests that while the present offense is a serious one, no evidence of other criminal conduct was found on any of his computers and he has no prior criminal history. *See* filing 72 at 1. And, the defendant served in the United States Marine Corps and received an honorable/medical discharge. *Id.* Lastly, at the time of his arrest the defendant had a "good work record" and was in college pursuing a degree. *Id.* So, the defendant argues that a sentence "near the mandatory minimum of ten years with a term of supervised [release] of five years is sufficient, but not greater than necessary, to achieve the statutory goals of sentencing." *Id.* at 2-3.

The Court will resolve the defendant's motion for variance at sentencing.

3.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 9th day of December, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge